UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:

DARNELL GARDNER,
    Debtor.

\* CHAPTER 13
\*
\* CASE NO. 17-30333-JPS
\*

## NOTICE OF PROPOSED PLAN

The debtor filed his Chapter 13 petition on March 22, 2017 without the inclusion of a proposed plan, and the notice of the meeting of creditors and hearing on confirmation has previously been mailed to all creditors and parties in interest. Please take notice that a copy of the debtor's proposed plan is attached hereto.

    HARRIS & DAVIS, P.C.
    Ernest V. Harris
    Attorney for Debtor

P.O. Box 1586
Athens, Georgia 30603
(706) 613-1953, eharris@harrisliken.com

---

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of the foregoing notice and plan to Ms. Camille Hope, by electronic mail to the address currently on file with the U.S. Bankruptcy Court, Middle District of Georgia and to all creditors as shown on the attached matrix, by first class mail with adequate postage attached thereto.

This 28th day of March, 2017.

    /s/ Ernest V. Harris
    Ernest V. Harris

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-3<br>Case 17-30333<br>Middle District of Georgia<br>Athens<br>Mon Mar 27 11:45:44 EDT 2017 | Club Babaloo, Inc.<br>c/o Fortson, Bentley & Griffin, P.A.<br>2500 Daniell's Bridge Road<br>Building 200, Suite 3A<br>Athens, GA 30606-6178 | 3<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 |
| Black Mane, Inc.<br>1072 Mill Pointe<br>Watkinsville, GA 30677-6982 | Capital One Bank<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Christie Burrell, et al.<br>c/o Andrew Fresch<br>Morgan & Morgan, P.A.<br>600 N. Pine Island Road, Ste. 400<br>Plantation, FL 33324-1311 |
| Club Babaloo, Inc.<br>345 W. Hancock Avenue<br>Athens, GA 30601-2595 | Club Babaloo, Inc.<br>c/o Fortson, Bentley & Griffin, P.A.<br>2500 Daniell's Bridge Road<br>Building 200, Suite 3A<br>Athens, Georgia 30606-6178 | Dana Weaver<br>730 Dearing Street<br>Athens, GA 30606-3620 |
| Dwain Gardner<br>1590 Maybell Trail<br>Lawrenceville, GA 30044-2073 | Gary Gerrard<br>Attorney for Club Babaloo, Inc.<br>P.O. Box 542<br>Lexington, GA 30648-0542 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James Howard, Richard D. Winfield and<br>Phyllis Jackson<br>c/o Adam M. Cain<br>297 Prince Avenue, Ste. 24<br>Athens, GA 30601-2478 | Law Offices of Ross Gelfand, LLC<br>1265 Minhinette Drive, Ste. 150<br>Roswell, GA 30075-3656 | Nelson Properties<br>320 E. Clayton Street, Ste. 514<br>Athens, GA 30601-4545 |
| Nissan Motor Acceptance Corp.<br>P.O. Box 660360<br>Dallas, TX 75266-0360 | Sandra Gardner<br>1210 St. Andrews<br>Watkinsville, GA 30677-6980 | Sarah Bull<br>1030 Elder Heights Drive<br>Bishop, GA 30621-1295 |
| Timepayment Corp.<br>10-M Commerce Way<br>Woburn, MA 01801-8000 | (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 | Toppers International, Inc.<br>1072 Mill Pointe<br>Watkinsville, GA 30677-6982 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | Camille Hope<br>Office of the Chapter 13 Trustee<br>P.O. Box 954<br>Macon, GA 31202-0954 | Darnell Gardner<br>1072 Mill Pointe<br>Watkinsville, GA 30677-6982 |
| Ernest V. Harris<br>Harris & Davis, P.C.<br>P.O. Box 1586<br>Athens, GA 30603-1586 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Title Max
2225 W. Broad Street
Athens, GA 30601

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Capital One Bank
P.O. Box 30285
Salt Lake City, UT 84130-0285

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE:

DARNELL GARDNER,   *   CHAPTER 13

Debtor.   *   CASE NO. 17-30333

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$1,275.00 for 60 months.**

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER THE PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| N/A | | |

(c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Nissan Motor Acceptance Corp. | $393.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a).

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan Motor Acceptance Corp. | $19,944.19 | 5.5% | 2011 Nissan Titan | $393.00 for 58 months |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Club Babaloo, Inc. | $2,708.00 | $2,708.00 | 5.5% | Non-exempt personalty | $233.00 for 12 months |
| Title Max | $900.00 | $7,667.00 | 5.5% | 2006 BMW 750 | $78.00 for 12 months |

(f) Attorney fees ordered pursuant to *11 U.S.C. §507(a)(2)* of **$6,500.00** to be paid as follows: **$1,500.00 paid on March 16, 2017.**

| | MONTHLY PAYMENT AMOUNT |
|---|---|
| PURSUANT TO CURRENT ADMINISTRATIVE ORDER ON ATTORNEY FEE AWARDS | $200.00 per month. |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| | | | | |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: NONE

(k) All other *11 U.S.C. §507* priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law. **Debtor will maintain monthly child support payments of $575.00 to Dana Weaver and $800.00 to Sarah Bull. Debtor will pay IRS (2015 income taxes) priority claim of $13,485.00 by paying at $256.00 per month for 58 months.**

(l)     The debtor(s) will be the disbursing agent on the following debts: **Dana Weaver and Sarah Bull** to whom the Debtor pays monthly child support.

(m)     <u>Special provisions</u>: **The judicial lien of Club Babaloo, Inc. in the amount of $85,714.17 will be avoided in its entirety on all exempt assets including the total value of the stock of Toppers International, Inc. as Debtor has claimed the entire value of the stock as exempt. The value of the equity in Debtor's other non-exempt personal assets to which this lien attaches is $2,708.00 and Club Babaloo, Inc. will be treated as a secured creditor in that amount.**

(n)     Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three):

       (i)     Debtor will pay all of his disposable income as shown on Form B22C of **$17,060.00** to the non-priority unsecured creditors in order to be eligible for a discharge.

       (ii)     If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive **$0.00**. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

       (iii)     The debtor will pay **$26,106.00** to the general unsecured creditors to be distributed prorata.

(o)     General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

       (a)     ____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

       (b)     the debtor(s) will make payments for **60** months and anticipates a dividend of **12%**, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p)     Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q)     Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date: 3/27/17

ERNEST V. HARRIS
Attorney for Debtor